1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
10
11

| 12 | JAMES FREEMAN, | ) CV 13-05161-RSWL-AJWx |
|----|----|----|
| 13 | ) | **ORDER RE: DEFENDANT'S** |
| 14 | Plaintiff, ) | **MOTION TO DISMISS FIRST** |
| 15 | v. ) | **AMENDED COMPLAINT** [14] |
| 16 | ) | |
| 17 | AMERICAN AIRLINES, INC. ) LONG TERM DISABILITY PLAN, ) and DOES 1 to 10, inclusive ) | |
| 18 | ) | |
| 19 | Defendants. ) | |
| 20 | ) | |
| 21 | ) | |

22     Currently before the Court is Defendant American
23 Airlines Inc. Long Term Disability Plan's ("Defendant"
24 or the "Plan") Motion to Dismiss First Amended
25 Complaint [14]. The Court, having reviewed all papers
26 submitted pertaining to this Motion, **NOW FINDS AND**
27 **RULES AS FOLLOWS:** The Court **GRANTS** Defendant's Motion
28 to Dismiss.

                                1

## I. BACKGROUND

Plaintiff James Freeman ("Plaintiff") was employed by American Airlines, Inc. since 1977. First Amended Complaint ("FAC") ¶ 3. American Airlines, Inc. is the Sponsor and Administrator for Defendant American Airlines, Inc. Long Term Disability Plan ("Defendant" or "the Plan"). Id. at ¶ 4. The Plan provides salary replacement during extended absences due to disability. Jameson Decl., Ex. A at 161. In August 2005, Plaintiff became disabled due to diabetes mellitus and diabetes gastroparesis. FAC ¶ 8. Thereafter, Plaintiff applied and was approved for disability benefits under the Plan. Id.

On August 19, 2008, Plaintiff was informed by Defendant that it was terminating Plaintiff's long term disability benefits because it had determined that his medical condition no longer constituted a "total disability" under the Plan. Id. at ¶ 10. Plaintiff appealed Defendant's decision of denial. Id. at ¶ 11. However, by letter dated August 17, 2009, Defendant denied the appeal. Id.

Plaintiff requests, *inter alia*, that this Court declare that Plaintiff is entitled to continued disability benefits and an award of disability benefits from August 19, 2008 to the present. Id. at ¶ 16.

Plaintiff filed this Action against Defendant and American Airlines, Inc. on July 17, 2013 [1]. On November 14, 2013, Plaintiff filed a First Amended

Complaint and terminated American Airlines, Inc. from this Action [6]. Defendant filed the present Motion to Dismiss on January 6, 2014 [14]. Defendant also requests for attorneys' fees incurred in relation to this Motion [14]. This matter was taken under submission on January 30, 2014 [22].

## II. LEGAL STANDARD

**A.   Motion to Dismiss Pursuant to Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. Dismissal can be based on a lack of cognizable legal theory or lack of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). However, a party is not required to state the legal basis for its claim, only the facts underlying it. McCalden v. Cal. Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990). In a Rule 12(b)(6) motion to dismiss, a court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991).

The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of its claim. Swierkiewica v. Sorema N.A., 534 U.S. 506, 511 (2002). "While a complaint attacked

3

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). Although specific facts are not necessary if the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

If dismissed, a court must then decide whether to grant leave to amend. The Ninth Circuit has repeatedly held that a district court should grant leave to amend even if no request to amend the pleadings was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III. ANALYSIS

**A.  Request to Consider the Plan Document**

As a preliminary matter, Defendant requests that this Court consider the Plan document under the incorporation by reference doctrine. Plaintiff frequently makes reference the Plan throughout his First Amended Complaint. See e.g., FAC ¶ 7 ("The Plan,

1 in relevant part, provides long-term disability
2 benefits to an eligible employee if he can no longer
3 perform the material duties of his regular
4 occupation."). Moreover, Defendant attached the Plan
5 document along with its Motion to Dismiss [16], and
6 Plaintiff did not question the authenticity of said
7 Plan in his Opposition or declaration.
8     Because this Court may consider documents "whose
9 contents are alleged in a complaint and whose
10 authenticity no party questions, but which are not
11 physically attached to the [plaintiff's] pleading,"
12 (see Knievel v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir.
13 2005)) the Court considers the Plan document.
14 **B.   The Limitations Period**
15     Plaintiff initiates this Action under 29 U.S.C. §
16 1132(a)(1)(B), which authorizes a claim by a benefit
17 plan participant "to recover benefits due to him under
18 the terms of his plan, to enforce his rights under the
19 terms of the plan, or to clarify his rights to future
20 benefits under the terms of the plan." FAC ¶ 1. ERISA
21 does not provide its own statute of limitations for
22 suits to recover benefits under 29 U.S.C. §
23 1132(a)(1)(B). Withrow v. Halsey, 655 F.3d 1032, 1036
24 (9th Cir. 2011). Courts in the Ninth Circuit generally
25 apply the four-year statute of limitations for contract
26 disputes to ERISA benefits claims arising in
27 California. Id.
28     Courts, will, however, enforce a shorter

5

limitations period prescribed by a plan as long as the period is reasonable. See Heimeshoff v. Hartford Life & Acc. Ins. Co., 134 S.Ct. 604 (2013). The Supreme Court has recently held that absent a controlling statute to the contrary, a participant and plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable. Id. The Supreme Court reasoned that "[t]he principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan." Id. at 612-13. "The plan, in short, is at the center of ERISA." Id. at 612 (citing US Airways, Inc. v. McCutchen, 538 U.S. 822, 823 (2013)). "[E]mployers have large leeway to design disability and other welfare plans as they see fit." Id. at 612 (citing Black & Decker Disabilty Plan v. Nord, 123 S.Ct. 1965, (2003)). And once a plan is established, the administrator's duty is to see that the plan is "maintained pursuant to [that] written instrument." Id. (citing 29 U.S.C. § 1102(a)(1)). Thus, the Supreme Court in Heimeshoff held that a plan's contractual limitations provision was enforceable so long as the plan's period is not unreasonably short and there is no controlling statute preventing the limitations provision from taking effect. Id.

    Further, federal law governs the issue of when an

ERISA cause of action accrues and thereby triggers the start of the limitation period. Withrow, 655 F.3d at 1035 (citing Wise v. Verizon Commc'ns, Inc., 600 F.3d 1180, 1188 (9th Cir. 2010)). An ERISA cause of action accrues "either at the time benefits are actually denied, or when the insured has reason to know that the claim has been denied." Id. (citing Wetzel, 222 F.3d 643, 649 (9th Cir. 2000)). A claimant has a "reason to know" under the accrual test when the plan communicates a "clear and continuing repudiation of a claimant's rights under a plan such that the claimant could not have reasonably believed but that his or her benefits had been finally denied." Id. (citing Wise, 600 F.3d at 1188).

Here, the Plan specifies an appeal process and identifies the Pension Benefits Administration Committee of American Airlines, Inc. as the entity that conducts the final review of denied claims. Jameson Decl., Ex. A at 200. The Plan further provides that if a participant "[h]as exhausted [his] administrative claim and appeal procedures" that he "may only bring a suit in a federal district court if [he] files [his] action or suit within two years of the date after the adverse benefit determination is made on final appeal." Jameson Decl., Ex. A at 203. The Plan document further informs participants that "failure to follow the Plan's prescribed procedures in a timely manner" will cause him to "lose [his] right to sue under ERISA 502(a)

1 regarding an adverse benefit determination." Id.
2 Thus, the Plan sets forth a limitations period that
3 precludes a Plan participant from instituting
4 litigation more than two years after the adverse
5 benefit determination is made on final appeal.
6     Plaintiff admits that he received a letter, dated
7 August 17, 2009, that Defendant denied his appeal,
8 finding "there is no substantive/medical clinical
9 evidence to justify your request for reinstatement of
10 LTD benefits." FAC ¶ 11. Through this letter,
11 Defendant communicated a "clear and continuing
12 repudiation" of Plaintiff's rights under the Plan such
13 that Plaintiff could not have reasonably believed but
14 that his benefits had been finally denied. See
15 Withrow, 655 F.3d at 1036 (finding that a plaintiff's
16 benefits were "actually denied" when her attorney was
17 informed by phone that her appeal had been denied).
18 Thus, the Court finds that the statute of limitations
19 on Plaintiff's claim began to run on August 17, 2009.
20 See Withrow, 655 F.3d at 1035.
21     However, Plaintiff waited until July 17, 2013,
22 almost four years after receipt of the August 17, 2009
23 letter, to file the instant Action against Defendant
24 for failure to pay him disability benefits [1].
25     To determine whether the Court can enforce the two
26 year limitations period under the Plan, the Court must
27 determine whether the two year limitations period is
28 reasonable. Heimeshoff, 134 S.Ct. at 609. Here,

1  Plaintiff does not claim that the Plan's two year
2  limitations provision is unreasonably short on its
3  face.  See Opp'n 2:14-17, 5:4-9.  Further, the Supreme
4  Court in Heimeshoff noted that where a plaintiff was
5  left with approximately one year in which to file suit
6  upon the conclusion of a lengthy administrative review
7  process, one year was "ample time for filing suit."
8  Heimeshoff, 134 S.Ct. at 612 n.4.  As such, the Court
9  finds that the Plan's two year statute of limitations
10 period is not unreasonably short.

   The Court must also determine whether a
"controlling statute" prevents the limitations provision from taking effect.  Id. at 606.  Here, however, Plaintiff does not claim that ERISA's text or regulations contradict the Plan's limitation provision. Further, the Court could not find any authority suggesting that a "controlling statute" prevents the Plan's two year limitations provision from taking effect.  Accordingly, the Court finds that no controlling statute prevents the Plan's two year limitations provision from taking effect.

   Because the Plan's two year statute of limitations time period is not unreasonable short, and there appears to be no "controlling statute" preventing the limitations provision from taking effect, the Court finds that the Plan's two year statute of limitations time period is enforceable.

**C.   Disclosure of Statute of Limitations Period**

1   Plaintiff argues, however, that while Defendant
2 twice denied Plaintiff's claim for continued long term
3 disability benefits, in neither of these denials did
4 Defendant inform him that the Plan contained a
5 contractual limitation of the time that he had to bring
6 a federal court lawsuit.  Opp'n 2:14-16.  Plaintiff
7 cites to 29 C.F.R. 2560.503-1(g)(iv) for the
8 proposition that Defendant was required to disclose the
9 two year statute of limitations period in these denial
10 letters.  29 C.F.R. 2560.503-1(g)(iv) states, in
11 relevant part, that any written or electronic
12 notification of an adverse benefits determination must
13 include "a description of the plan's review procedures
14 and the time limits applicable to such procedures,
15 including a statement of the claimant's right to bring
16 a civil action under section 502(a) of the Act
17 following an adverse benefit determination on review."
18 As a result of purported inadequate notice in
19 Defendant's denial letters, Plaintiff alleges that the
20 Court should allow Plaintiff to file a late appeal and
21 construe it as timely.  Opp'n 4:26-28.
22   The Ninth Circuit squarely addressed notice
23 requirements for a plan's internal statute of
24 limitations period in <u>Scharff v. Raytheon Co. Short</u>
25 <u>Term Disability Plan</u>.  581 F.3d 899 (9th Cir. 2009).
26 In <u>Scharff</u>, a defendant denied plaintiff's claim for
27 benefits.  <u>Id.</u> at 902-903.  The plan contained a one
28 year state of limitations, but plaintiff filed suit

10

beyond that one year period. Id. at 903. The plaintiff argued that her late filing should be excused because the limitations provision was placed neither in what she believed was the appropriate section of the Summary Plan Description ("SPD") nor in the final denial letter. Id. While the plaintiff in Scharff conceded that defendant met all applicable ERISA disclosure requirements and that defendant was not obligated under ERISA to inform her of the deadline, plaintiff argued that the Ninth Circuit should impose an additional "duty to inform," drawn from a California insurance regulation. Id. at 907. The Ninth Circuit held that a plan administrator was not required to separately inform participants in final denial letters of time limits already contained in the SPD. See id. at 908. The Ninth Circuit, in declining to impose a "duty to inform," reasoned that to require plan administrators within the Ninth Circuit to inform participants separately of time limits already contained in the SPD, when other circuits have rejected a similar rule, would place the Ninth Circuit out of line with current federal common law and would inject a lack of uniformity into ERISA law. Id. at 908.

   Here, the Plan contained a two year statute of limitation period within which to file a civil suit for denial of Plaintiff's benefits. Indeed, the Plan's SPD informs participants that once they "ha[ve] exhausted [their] administrative claim and appeal procedures,"

11

they "may only bring suit in a federal district court if [they] file [their] action or suit within two years of the date after the adverse benefit determination is made on final appeal." See Jameson Decl., Ex. A at 203. The Plan document also informs participants that "failure to follow the Plan's prescribed procedures in a timely manner" will cause them to "lose [their] right to sue under ERISA 502(a) regarding an adverse benefit determination." Id.

Moreover, the ERISA regulation that Plaintiff relies on, 29 C.F.R. 2560.503-1(g)(iv), does not, on its face, require that Defendant supply notice of the Plan's two year contractual limitations period for filing a civil action under ERISA; it only requires that a plan administrator include a "statement of the claimant's right to bring a civil action under section 502(a) of [ERISA] following an adverse benefit determination on review." Such interpretation of 29 C.F.R. 2560.503-1(g)(iv) is consistent with the Ninth Circuit's holding in Scharff, in which the court refused to require plan administrators to inform participants separately of time limits already contained in the SPD.

Because notice of the two year statute of limitations period was already contained in the SPD, the Court finds that Defendant had no obligation to separately inform Plaintiff of the two year statute of limitations in its August 17, 2009 appeal denial

12

1 letter.

2 **D.** **<u>Defendant's purported misrepresentation to</u>**
3 **<u>Plaintiff of the importance of Plan terms setting</u>**
4 **<u>forth time limits</u>**

5 Plaintiff further argues that Defendant failed to
6 adhere to its own 45-day time limit for reviewing the
7 denial of Plaintiff's claim on appeal, and that when he
8 spoke to Sarah Funke, the Coordinator for the American
9 Airlines Pension Benefits Administration Committee, Ms.
10 Funke purportedly told Plaintiff that the 45 days for
11 review on appeal "was just a guideline and didn't mean
12 anything." Opp'n 5:4-9 (citing Freeman Decl. ¶ 4).
13 Given Defendant's purported misrepresentation regarding
14 the importance of time limits contained with the Plan,
15 Plaintiff argues that he would have no cause to believe
16 that the other time limits within the claim procedures
17 of the Plan, including the two year statute of
18 limitations period, was anything but a "guideline" and
19 "didn't mean anything." Opp'n 6:5-7. Plaintiff argues
20 that Defendant's own blatant failure to follow its own
21 time limits simply emphasized to Plaintiff of the
22 unimportance of contractual time limits within the
23 Plan, and as such, the appropriate remedial action is
24 to equitably estop Defendant from imposing its own
25 contractual time limit to bar Plaintiff's Action. <u>Id.</u>
26 at 6:7-13.

27 The Court notes that to support this argument,
28 Plaintiff submits a declaration describing how Ms.

Funke purportedly downplayed the significance of ERISA's claims regulation time periods. See Freeman Decl. ¶ 4.

When ruling on a 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond. United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b)). A court may consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment. Id. at 908 (citing Van Buskirk v. CNN, 284 F.3d 977, 980 (9th Cir. 2002)).

Here, the Court need not consider Plaintiff's declaration to rule on Defendant's Motion to Dismiss. This is because Plaintiff's equitable estoppel argument is insufficiently pleaded. In order to state a cause of action for equitable estoppel in an ERISA action, a plaintiff must allege:

> "a material misrepresentation, reasonable and detrimental reliance upon the representation, extraordinary circumstances, that the provisions of the plan at issue were ambiguous such that reasonable persons could disagree as to their meaning or effect, and finally, that

representations were made involving an oral interpretation of the plan." Spink v. Lockheed Corp., 125 F.3d 1257, 1262 (9th Cir. 1997).

The Court finds that, even without considering Plaintiff's declaration, Plaintiff has failed to provide sufficient facts to support each of these requirements. See id. For example, Plaintiff has failed to state sufficient facts "that the provisions of the plan at issue were ambiguous such that reasonable persons could disagree as to their meaning or effect." Thus, to the extent that Plaintiff relies on the un-pleaded claim of equitable estoppel, the Court declines to consider it.

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss. However, because it appears that the pleading can be possibly cured by the allegation of other facts, the Court **GRANTS** Defendant's Motion to Dismiss **with twenty days leave to amend**. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Because the Court **GRANTS** Defendant's Motion with leave to amend, the Court **DENIES without prejudice** Defendant's request for attorneys' fees.

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss **with twenty days leave to**

//

//

**amend** and **DENIES without prejudice** Defendant's request for attorneys' fees.

**IT IS SO ORDERED.**

DATED: 2/20/2014

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge